IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22CV159-GCM

| | | |
|---|---|---|
| **NICKEY BRIAN CARTER, SR.,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** | ) ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 9) and the Commissioner's Motion for Summary Judgment (Doc. No. 15). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff Nickey Carter, Sr. filed his application for a period of disability and disability insurance in November of 2020, alleging a disability onset date of February 1, 2020. After Plaintiff's claim was denied both initially and on reconsideration, he requested and was granted a hearing before Administrative Law Judge Clint Dorman ("the ALJ"). The ALJ issued a decision on March 23, 2022 that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's

1

decision.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. The undersigned finds that it is.

2

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

In his decision, the ALJ at the first step determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 16). At the second step, the ALJ concluded that Plaintiff has the following severe impairments degenerative disc disease, degenerative joint disease, facet disease, osteoarthritis, left shoulder bursitis, replacement of a major joint with residual effects, asthma, and chronic obstructive pulmonary disease. (*Id.*). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of

impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 19).

The ALJ then found that Plaintiff has the residual functional capacity to perform light work except for the following limitations: he can lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, or walk for up to 6 hours each; frequently balance, stoop, kneel, crouch, and crawl; frequently use foot controls and hand controls; have no exposure to common workplace hazards including unprotected heights, dangerous machinery, or ladders, ropes, or scaffolds; have no exposure to concentrated pulmonary irritants such as chemical odors, fumes, smoke, or gases; and have no exposure to extreme heat or cold. (Tr. 20). Based on these limitations, the ALJ found in the fourth step that Plaintiff is not capable of performing his past relevant work as a cement mason or plumber. (Tr. 23). At the fifth step, however, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 25). Accordingly, the ALJ found that Plaintiff was not disabled under the Act. (Tr. 26).

**D.      Discussion**

**1.      Plaintiff's Assignments of Error**

Plaintiff has made the following assignments of error: 1) The ALJ's decision violates *Mascio v. Colvin* in that the RFC failed to account for mild limitations in mental functioning and the ALJ failed to provide a detailed discussion; and 2) the decision failed to account for Plaintiff's non-severe mental impairments. Plaintiff's assignments of error will be discussed below. The Court notes that in its summary judgment brief, the Defendant makes the argument that there are no unresolved conflicts between the ALJ's step five finding and the VE's testimony with respect to jobs that the ALJ determined Plaintiff could perform. (Doc. No. 15, p.

4

8). Plaintiff does not raise this as an assignment of error and the Court therefore declines to address this argument.

### 2. First Assignment of Error

The ALJ determined that the Plaintiff has no more than a mild mental limitation in any of the four broad areas of mental functioning, otherwise known as Paragraph B criteria. Specifically, the ALJ concluded that Plaintiff had mild limitation in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself (Tr. 19). A finding of a mild limitation means that functioning in a given area independently, appropriately, effectively, and on a sustained basis is only slightly limited. 20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.00F2b. Plaintiff claims that by failing to account for these mild limitations in his RFC the ALJ violated *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

This case is distinguishable from *Mascio*, however, as the claimant in *Mascio* had "moderate," not "mild," limitations. This Court has previously determined that a finding of "mild" limitations herein does not trigger the RFC discussion requirements of *Mascio per se*. *See Sheldon v. Kijakazi,* 1:21cv43-GCM, 2022 WL 130981, at *3 (W.D.N.C. Jan. 1, 2022)*; see also Sellers v. Saul,* 1:19-cv-272-RJC, 2021 WL 1166758, at *5 (W.D.N.C. Mar. 26, 2021); *Hardy v. Berryhill*, No. 3:16-CV-00746-FDW, 2018 WL 1385412, at *5, (W.D.N.C. March 19, 2018) ("As this case concerns only "mild difficulties," it does not trigger the RFC discussion requirements of *Mascio per se*. This Court does not interpret *Mascio*'s holding as extending to all restrictions."); *Barnes v. Berryhill*, No. 5:17-cv-00052-RJC-DCK, 2018 WL 1004746, at *1-2, (W.D.N.C. Feb. 21, 2018); *Brooks v. Berryhill*, No. 3:15-CV-00440-RJC, 2017 WL 1196449, at *4 (W.D.N.C. Mar. 29, 2017) (holding that "*Mascio* dealt with 'moderate' restrictions and did

5

not hold that all restrictions, including mild restrictions, be explicitly discussed in terms of RFC."); *Gilbert v. Berryhill*, No. 5:16-CV-00100-MOC, 2017 WL 1196452, at *3 (W.D.N.C. Mar. 29, 2017) (finding that *Mascio* did not apply to cases of mild difficulties). The Court finds no *Mascio* error in the ALJ's decision.

Even if the *Mascio* requirements applied to all restrictions regardless of severity, the Court finds that the ALJ's decision contains an adequate analysis of Plaintiff's mild mental limitations. The ALJ articulated that "[t]he claimant's medically determinable mentals impairments of anxiety disorder and depressive disorder, considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were therefore nonsevere." (Tr. 16-17). Moreover, the ALJ explained that the record revealed that Plaintiff's mental status examinations were consistently within normal limits, he required no more than conservative treatment, and can manage his activities of daily living and maintain relationships without substantial disruption. (Tr. 17). Plaintiff's mental health symptoms do not limit him in any way from handling his personal care needs. (Tr. 19). While he may need "reminders" to take care of his personal needs, he follows written and spoken instructions fairly well and presents to medical providers with intact memory as well as normal attention and concentration abilities. *Id.* He tolerates changes in routine fairly well and presents to his medical providers as well-oriented, with intact judgment and good insight. *Id.* He reports that he no longer takes any mental health related medications and attends no counseling or therapy appointments. *Id.*

Based on the foregoing, the undersigned is persuaded that the ALJ's consideration of Plaintiff's mental limitations was more than sufficient, and remand is not appropriate on this issue.

## 2. Second Assignment of Error

In his second assignment of error, the Plaintiff argues that the ALJ failed to consider the combined effect of mild, non-severe mental impairments and his severe impairments in the RFC analysis. Specifically, Plaintiff argues that the ALJ "fail[ed] to explain how Mr. Carter's non-severe impairments of anxiety disorder and depressive disorder were considered in the RFC analysis." (Doc. No. 9, p. 22). Plaintiff states that despite the finding of mild mental limitations in all four areas of mental functioning, the ALJ "failed to translate these mental limitations into a work-related functional restriction (or explain why no corresponding restrictions was needed)." *Id*.

Plaintiff's argument in this assignment of error does not appear to differ substantively from that in his first assignment of error. As the Court has already discussed this issue at length, the undersigned will not undertake a separate analysis. The ALJ's decision in this regard is based upon substantial evidence.

## E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and briefs, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales*, *supra*; *Hays v. Sullivan*, *supra.* Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: August 7, 2023

Graham C. Mullen
United States District Judge